John Mejia (#13965)
Abigail Cook (*Pro Hac Vice*)
Thomas Ford (*Pro Hac Vice*)
**ACLU OF UTAH FOUNDATION, INC.**
311 South State Street, Ste. 310
Salt Lake City, UT 84111
jmejia@acluutah.org
acook@acluutah.org
tford@acluutah.org
Telephone: (801) 521-9862
*Counsel for Plaintiffs Dustin Porter,*
*Joshua Asay, and Steven Drollette*

Daniel Oswald (#4897)
**LawCare PC**
Alyson C. McAllister (#9886)
**Sykes Mcallister Law Offices**
311 S. State St., Ste. 240
Salt Lake City, UT 84111
daniel@lawcarepc.com
alyson@sykesmcallisterlaw.com
Telephone: (801) 533-0222

Eric M. Swinyard (#15076)
**Law Offices Of Eric M. Swinyard**
11576 S. State St., Ste. 103A
Draper, Utah 84020
eric@swinyardlaw.com
Telephone: (801) 948-8889
*Counsel for Plaintiff Joshua Olsen*

Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
office@mylarlaw.com
R. Blake Hamilton (11395)
DENTONS DURHAM JONES PINEGAR,
P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
blake.hamilton@dentons.com
*Attorneys for Defendant*

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN LAW PORTER, *et al*,<br><br>Plaintiff,<br><br>vs.<br><br>DAGGETT COUNTY, *et al*,<br><br>Defendants. | **PLAINTIFFS' OBJECTION TO DEFENDANT'S PROPOSED MODIFIED JURY INSTRUCTION**<br><br>Case Nos.   2:18-cv-389 (Consolidated)<br>                    2:18-cv-422<br>                    2:19-cv-188<br><br>District Judge David Barlow |

After the time had passed for filing proposed jury instructions, and without permission of the Court, Daggett County filed a proposed modification to their jury instruction about gross negligence (which we had previously objected to).[1] Daggett County now seeks to add language about compliance with policy and conduct resulting in criminal charges to this jury instruction. In support of this instruction, Daggett County cites five cases.[2] None of these cases support giving the instruction the defendant is proposing. We will briefly address each case. We objected to the original instruction as it contained inaccurate statements of law and duplicated other jury instructions proposed by the defense. We object to the newly proposed instruction on the same grounds.

The *Arnold* case is from the 10th Circuit and deals with excessive force claims, but they were brought under the 4th and 14th Amendments, not the 8th Amendment.[3] Daggett County did not include any page citation or indicate in any way what portion of the case it claims supports the proposed instruction. In *Arnold*, the trial court gave only a 14th Amendment instruction, and did not give a 4th Amendment instruction as requested by the plaintiff.[4] The 10th Circuit Court of Appeals found that was an error and reversed.[5]

While the case mentions two instructions given to the jury, they are both about proving conduct that "shocks the conscience," as is required to prove an excessive force claim under the 14th Amendment.[6] This is not the same standard or analysis that applies to an 8th Amendment cruel and unusual punishment case. Even if one ignores the obvious differences

---

[1] Doc. 370-1.
[2] The original proposed instruction only cited to one case (*Arnold v. Curtis*, 359 Fed. Appx. 43 (10th Cir. 2009)).
[3] *Arnold v. Curtis*, 359 Fed. Appx. 43 (10th Cir. 2009).
[4] *Id.* at 49.
[5] *Id.*
[6] *Id.* at 45-46.

between the *Arnold* case and our case, it is not clear how Daggett County relies on *Arnold*[7] to support the language it proposed.[8]

Daggett County next cites a trio of cases that are not binding on this Court. One is an unpublished opinion from the 10th circuit that is on paragraph in length and does not seem to refer to the 8th Amendment, jury instructions, or anything else relevant to this case.[9] The next is a 9th Circuit case that held state departmental regulations do not establish a federal constitutional violation in the context of a qualified immunity analysis raised in a dispositive motion.[10] The third is a citation to a footnote in another unpublished decision from Pennsylvania ruling on a motion to dismiss a complaint filed by a pro se frequent litigator, stating a policy violation is no automatically considered a constitutional violation.[11]

The final case cited by Daggett County is a U.S. Supreme Court case from 1979, where the Court was reviewing the granting of what was essentially a motion for a directed verdict in a false imprisonment case.[12] The Court held in that case that: "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[13]

---

[7] The instruction in Arnold states: "To demonstrate conduct that "shocks the conscience," a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. A plaintiff must demonstrate that the force be inspired by malice or by excessive zeal that shocks the conscience. In other words, a plaintiff must show a high level of outrageousness and a magnitude of potential or actual harm that is truly conscience-shocking under the circumstances." *Arnold v. Curtis*, 359 F. App'x 43, 46 (10th Cir. 2009)

[8] Daggett County's proposed instruction states: "You may not find that there was a violation of a plaintiff's rights merely because the defendant was grossly negligent or careless." See Doc. 70-1, first sentence (without redline changes).

[9] *Wilson v. Ramsey*, 10 F.3d 810 (Table) (10th Cir. 1993) (unpublished).

[10] *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009)

[11] Washington v. Salamon, 2022 WL 4096877, n.48 (M.D. Penn. September 7, 2022) (unpublished).

[12] Baker v. McCollan, 443 U.S. 137 (1979)

[13] *Id. at 146.*

As a review of these cases shows, there is not a sufficient basis in the law to support giving this jury instruction either as it was first proposed or with the additional language suggested by Daggett County.[14] The second, and final, sentence of the proposed instruction merely restates language that is included in other instructions and is unnecessarily duplicative.[15] For these reasons, the Court should decline to give this proposed instruction to the jury.

DATED this 10th day of April, 2024.

**SYKES MCALLISTER LAW OFFICES, PLLC**

*/s/ Alyson McAllister*
Alyson McAllister, Esq.
Attorney for Joshua Olsen

---

[14] "You may not find that there was a violation of a plaintiff's rights merely because the defendant's conduct was grossly negligent, or careless, did not comply with a workplace policy, or resulted in criminal charges." Doc. 370-1, first sentence (with redline changes).

[15] "In order to prevail on their claim of failure to supervise and discipline, the plaintiffs must prove that the defendant was deliberately indifferent to their constitutional rights." Doc. 370-1, second sentence.