THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN LAW PORTER, STEVEN DROLLETTE, JOSHUA ASAY, and JOSHUA OLSEN,<br><br>        Plaintiffs,<br><br>v.<br><br>DAGGETT COUNTY, UTAH et al.,<br><br>        Defendants. | **SPECIAL VERDICT FORM**<br><br>Case No. 2:18-cv-00389-DBB<br><br>District Judge David Barlow |

### Plaintiffs' Eighth Amendment Claim (Cruel and Unusual Punishment)

**I. Dustin Porter**

1.  Did Dustin Porter prove by a preponderance of the evidence that Daggett County maintained a policy or custom through Sheriff Jerry Jorgensen of failing to adequately supervise or discipline its employees? *See Instruction Numbers 17 and 17-A.*

    Yes __✓__        No _____

*If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, skip to Question 4 and mark "Not Liable."*

2.  Did Dustin Porter prove by a preponderance of the evidence that Daggett County's policy or custom of failing to adequately supervise or discipline its employees directly caused Dustin Porter to experience cruel and unusual punishment? *See Instruction Numbers 17, 17-B, and 17-C.*

    Yes _____        No __✓__

1

*If you answered "Yes" to Question 2, proceed to Question 3. If you answered "No" to Question 2, skip to Question 4 and mark "Not Liable."*

3. Did Dustin Porter prove by a preponderance of the evidence that Daggett County through Sheriff Jerry Jorgensen acted with "deliberate indifference" as to the known or obvious consequences of its failure to supervise or discipline its employees? *See Instruction Numbers 17, 17-A, and 17-D.*

    Yes _____    No _____

*If you answered "No" to Question 3, mark "Not Liable" on Question 4. If you answered "Yes" to **each** of Questions 1, 2, and 3, mark "Liable" on Question 4.*

4. Is Daggett County liable for depriving Dustin Porter of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment?

    Liable _____    Not Liable ✓

*If you marked "Liable" on Question 4, you have found that Daggett County deprived Dustin Porter of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment, and you should proceed to the Damages section. If you marked "Not Liable," proceed to the section on Steven Drollette.*

### Damages

If you found Daggett County liable, enter the amount of compensatory and/or non-economic damages for him below. If you found Daggett County liable but did not find that Dustin Porter suffered actual damages, then you should award him nominal damages in the amount of one dollar ($1.00).

    Dustin Porter's Damages:    $_____

## II. Steven Drollette

1. Did Steven Drollette prove by a preponderance of the evidence that Daggett County maintained a policy or custom through Sheriff Jerry Jorgensen of failing to adequately supervise or discipline its employees? *See Instruction Numbers 17 and 17-A.*

    Yes __✓__      No _____

*If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, skip to Question 4 and mark "Not Liable."*

2. Did Steven Drollette prove by a preponderance of the evidence that Daggett County's policy or custom of failing to adequately supervise or discipline its employees directly caused Steven Drollette to experience cruel and unusual punishment? *See Instruction Numbers 17, 17-B, and 17-C.*

    Yes __✓__      No _____

*If you answered "Yes" to Question 2, proceed to Question 3. If you answered "No" to Question 2, skip to Question 4 and mark "Not Liable."*

3. Did Steven Drollette prove by a preponderance of the evidence that Daggett County through Sheriff Jerry Jorgensen acted with "deliberate indifference" as to the known or obvious consequences of its failure to supervise or discipline its employees? *See Instruction Numbers 17, 17-A, and 17-D.*

    Yes __✓__      No _____

*If you answered "No" to Question 3, mark "Not Liable" on Question 4. If you answered "Yes" to **each** of Questions 1, 2, and 3, mark "Liable" on Question 4.*

4. Is Daggett County liable for depriving Steven Drollette of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment?

    Liable __✓__      Not Liable _____

*If you marked "Liable" on Question 4, you have found that Daggett County deprived Steven Drollette of his constitutional right under the Eighth Amendment to be free from cruel and*

3

*unusual punishment, and you should proceed to the Damages section. If you marked "Not Liable," proceed to the section on Joshua Asay.*

### Damages

If you found Daggett County liable, enter the amount of compensatory and/or non-economic damages for him below. If you found Daggett County liable but did not find that Steven Drollette suffered actual damages, then you should award him nominal damages in the amount of one dollar ($1.00).

Steven Drollette's Damages: $ 65,000

**III. Joshua Asay**

1. Did Joshua Asay prove by a preponderance of the evidence that Daggett County maintained a policy or custom through Sheriff Jerry Jorgensen of failing to adequately supervise or discipline its employees? *See Instruction Numbers 17 and 17-A.*

    Yes __✓__    No _____

*If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, skip to Question 4 and mark "Not Liable."*

2. Did Joshua Asay prove by a preponderance of the evidence that Daggett County's policy or custom of failing to adequately supervise or discipline its employees directly caused Joshua Asay to experience cruel and unusual punishment? *See Instruction Numbers 17, 17-B, and 17-C.*

    Yes __✓__    No _____

*If you answered "Yes" to Question 2, proceed to Question 3. If you answered "No" to Question 2, skip to Question 4 and mark "Not Liable."*

4

3. Did Joshua Asay prove by a preponderance of the evidence that Daggett County through Sheriff Jerry Jorgensen acted with "deliberate indifference" as to the known or obvious consequences of its failure to supervise or discipline its employees? *See Instruction Numbers 17, 17-A, and 17-D.*

    Yes __✓__       No _____

*If you answered "No" to Question 3, mark "Not Liable" on Question 4. If you answered "Yes" to **each** of Questions 1, 2, and 3, mark "Liable" on Question 4.*

4. Is Daggett County liable for depriving Joshua Asay of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment?

    Liable __✓__       Not Liable _____

*If you marked "Liable" on Question 4, you have found that Daggett County deprived Joshua Asay of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment, and you should proceed to the Damages section. If you marked "Not Liable," proceed to the section on Joshua Olsen.*

### Damages

If you found Daggett County liable, enter the amount of compensatory and/or non-economic damages for him below. If you found Daggett County liable but did not find that Joshua Asay suffered actual damages, then you should award him nominal damages in the amount of one dollar ($1.00).

    Joshua Asay's Damages:   $ 228,800

**IV. Joshua Olsen**

1. Did Joshua Olsen prove by a preponderance of the evidence that Daggett County maintained a policy or custom through Sheriff Jerry Jorgensen of failing to adequately supervise or discipline its employees? *See Instruction Numbers 17 and 17-A.*

    Yes __✓__       No _____

5

*If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, skip to Question 4 and mark "Not Liable."*

2. Did Joshua Olsen prove by a preponderance of the evidence that Daggett County's policy or custom of failing to adequately supervise or discipline its employees directly caused Joshua Olsen to experience cruel and unusual punishment? *See Instruction Numbers 17, 17-B, and 17-C.*

    Yes __✓__     No _____

*If you answered "Yes" to Question 2, proceed to Question 3. If you answered "No" to Question 2, skip to Question 4 and mark "Not Liable."*

3. Did Joshua Olsen prove by a preponderance of the evidence that Daggett County through Sheriff Jerry Jorgensen acted with "deliberate indifference" as to the known or obvious consequences of its failure to supervise or discipline its employees? *See Instruction Numbers 17, 17-A, and 17-D.*

    Yes __✓__     No _____

*If you answered "No" to Question 3, mark "Not Liable" on Question 4. If you answered "Yes" to **each** of Questions 1, 2, and 3, mark "Liable" on Question 4.*

4. Is Daggett County liable for depriving Joshua Olsen of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment?

    Liable __✓__     Not Liable _____

*If you marked "Liable" on Question 4, you have found that Daggett County deprived Joshua Olsen of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment, and you should proceed to the Damages section. If you marked "Not Liable," proceed to the bottom of the Special Verdict Form to sign and date where indicated.*

6

<u>Damages</u>

If you found Daggett County liable, enter the amount of compensatory and/or non-economic damages for him below. If you found Daggett County liable but did not find that Joshua Olsen suffered actual damages, then you should award him nominal damages in the amount of one dollar ($1.00).

      Joshua Olsen's Damages:    $ 58,500

Once you have completed the Questions as directed above, please date and sign the Special Verdict Form and notify the Court Security Officer that you have reached a verdict.

DATED this 23 day of April, 2024.

                                                                _____
                                                                     Foreperson